**GIRARD SHARP LLP**
Dena C. Sharp, SBN 245869
Adam E. Polk, SBN 273000
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYALI VILEKAR, Individually and On Behalf Of All Others Similarly Situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| SCHELL & KAMPETER, INC., d/b/a/ Diamond Pet Foods and/or Taste of the Wild, | <u>DEMAND FOR JURY TRIAL</u> |
| Defendant. | |

CLASS ACTION COMPLAINT

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sayali Vilekar ("Plaintiff"), individually and on behalf of all others similarly situated, for her Class Action Complaint against Defendant Schell & Kampeter, Inc. ("Defendant"), states and alleges as follows:

**NATURE OF THE ACTION**

1.     This action arises from Defendant's sale of its dangerous Taste of the Wild grain-free dog food,[1]  which is misleadingly represented as healthy, safe, and a diet inspired by nature, when, in fact, there is no medical or scientific justification for feeding a dog a grain-free diet high in legume or pulse ingredients, and every dog that consistently consumes Taste of the Wild grain-free dog food has an increased risk of developing the fatal heart disease dilated cardiomyopathy ("DCM") and related cardiac damage.

2.     Less than 1% of dogs have food allergies or sensitivities, and of that miniscule percentage, plant-based or grain allergies are rarely implicated. Because there is no medical or scientific reason a dog should be fed a grain-free diet, pet owners are needlessly exposing their dogs to cardiac health risks by feeding them Taste of the Wild grain-free dog food, while also paying a premium for this dangerous dog food.

3.     Historically, DCM in dogs was primarily considered an inherited, genetic disease predominantly affecting large breeds such as Doberman Pinschers, Great Danes, and Irish Wolfhounds.

4.     However, certain diets have also been shown to cause and/or contribute to development of the disease. Diet-associated DCM has been recognized since the late 1990s and early 2000s, when veterinary cardiologists and veterinary nutritionists began publishing studies linking the development of

---

[1] This includes all wet and dry Taste of the Wild grain-free recipes: Appalachian Valley Small Breed Canine Recipe, High Prairie Canine Recipe, High Prairie Canine Recipe with Bison in Gravy, High Prairie Puppy Recipe, Pacific Stream Canine Recipe, Pacific Stream Canine Recipe with Salmon in Gravy, Pacific Stream Puppy Recipe, Pine Forest Canine Recipe, Sierra Mountain Canine Recipe, Sierra Mountain Canine Recipe with Lamb in Gravy, Southwest Canyon Canine Recipe, Southwest Canyon Canine Recipe with Beef in Gravy, Wetlands Canine Recipe, Wetlands Canine Recipe with Fowl in Gravy, Prey Angus Beef Limited Ingredient Recipe for Dogs, Prey Trout Limited Ingredient Recipe for Dogs, and Prey Turkey Limited Ingredient Recipe for Dogs.

1

CLASS ACTION COMPLAINT

DCM to lamb and rice diets. These studies established that nutrition and diet can play a role in a dog developing DCM and related cardiac damage.

5.    Lamb and rice diets were considered relatively novel when these studies were published, as they were not meaningfully introduced into the market until the 1980s and experienced a substantial rise in the dog food market share by the mid-1990s.

6.    The recognition of diet-associated DCM and history of these diets put any prudent dog food manufacturer on notice that novel, untested formulations should be adequately tested for potential cardiac risks prior to and during commercial distribution.

7.    Despite this notice and knowledge, Defendant conducted no feeding study to assess the safety of its novel Taste of the Wild grain-free dog food prior to launching it in 2007. To this day Defendant has not publicly disclosed any feeding study substantiating any of its health and safety claims.

8.    As early as 2009, unbeknownst to consumers and the public, veterinarians began observing diet-associated DCM in non-predisposed dogs eating grain-free diets.

9.    Further, Defendant has known or should have known about the significant risk grain-free diets specifically pose for years. By 2018, veterinarians were publishing independent scientific research in veterinary medical and scientific journals linking DCM and cardiac risks to consumption of grain-free diets.

10.    Knowledge of these health risks, however, was, and remains, largely confined to veterinary academia and industry participants such as Defendant, in part because despite its knowledge, Defendant and others in the grain-free dog food industry have taken numerous steps to minimize public awareness including but not limited to refusing to disclose the research and/or health risks on its website or packaging and suppressing or concealing material information regarding the association between its product and cardiac risks.

11.    The growing body of scientific research demonstrates a contributory or causal connection between consumption of certain grain-free diets, such as Taste of the Wild grain-free dog food, and cardiac damage, including development or exacerbation of DCM in dogs genetically pre-disposed to developing DCM, as well as in dogs not genetically pre-disposed to developing DCM.

CLASS ACTION COMPLAINT

12.    These studies demonstrate, for example, that dogs consuming grain-free dog foods containing a high content of plant protein sources (legumes and pulses such as peas, lentils, chickpeas—also known as garbanzo beans—and derivatives of those ingredients such as pea flour and pea protein)[2] exhibit elevated levels of biomarkers resulting from myocardial injury. These biomarkers include but are not limited to, increased levels of N-terminal pro-B-type natriuretic peptide ("NT-proBNP") resulting from stretching of the heart muscle, cTnI ("cardiac troponin-I/troponin") resulting from stress or injury to the heart muscle, and the presence of atrial and ventricular arrhythmias.

13.    Studies also demonstrate hearts of dogs consuming grain-free and/or high-legume dog foods exhibit statistically significant increases in the left ventricular internal diameter ("LVID") at end diastole and/or at end systole—this is a defining feature of DCM and significant risk factor for development and progression of DCM. Most of the top-selling grain-free dog foods in the United States, including Taste of the Wild, are also high in legume content. These foods are commonly marketed to the public and described as "grain-free," not "high-legume," dog food.

14.    Other studies show improvement of canine cardiac function, including a full reversal of canine DCM, after a dog owner changes their dog's diet from grain-free to a traditional diet. Defendant is aware of specific instances in which dogs diagnosed with DCM experienced cardiac improvement once they stopped consuming Taste of the Wild grain-free dog food.

15.    Veterinary medical textbooks published in recent years likewise acknowledge that grain-free and/or high-legume dog foods are associated with the development or exacerbation of DCM and cardiac damage in dogs. These textbooks affirm diet-associated DCM as a differential diagnosis and recommend dogs diagnosed with DCM, or dogs that have elevated cardiac biomarkers prior to the full development of DCM, immediately switch off grain-free/high-legume dog foods.

16.    These textbooks are educational resources for veterinary schools and programs and for veterinary school students, and are not commonly purchased or read by members of the consuming public.

---

[2] The relevant literature defines problematic diets as those that are grain-free or have one or more legume ingredients in the first ten ingredients listed on dog food packaging. All recipes of Taste of the Wild's grain-free dog food at issue in this lawsuit are both grain-free and contain one or more legume ingredients in the top ten ingredients.

CLASS ACTION COMPLAINT

17.    Many veterinarians have diagnosed dogs with diet-associated DCM where the dogs were fed a Taste of the Wild grain-free dog food diet, and have advised their clients to immediately switch their dogs off the dog food. Defendant is aware of specific instances where veterinarian cardiologists have made such diagnoses and recommendations.

18.    When dog owners stop feeding their dogs these diets following a diagnosis, studies show that dogs' heart conditions can substantially improve (to a statistically significant degree), including full reversal of the disease, and in some instances even allowing discontinuation of cardiac medications (a phenomenon not observed in genetic forms of the heart disease).

19.    It is now established veterinarian medical practice to recommend dog owners stop feeding their dogs grain-free diets immediately following a DCM diagnosis or detection of decreased cardiac function. It is also the consensus among veterinarians, for healthy dogs that do not demonstrate decreased cardiac function, to advise their owners not to feed their healthy dogs grain-free diets because of these known cardiac risks.

20.    All 17 varieties of the Taste of the Wild grain-free dog food product fall under the veterinary medical textbooks' description of diets that may increase a dog's risk for cardiac injury and development of DCM, in that every variety is a grain-free recipe with one or more legume ingredients in the top ten ingredients.

21.    Defendant knew or should have known that a Taste of the Wild grain-free diet raises cardiac health risks.

22.    Nonetheless Defendant markets and sells Taste of the Wild grain-free dog food as healthy and safe for all breeds of dogs, even those breeds predisposed to DCM or dogs that have been diagnosed with DCM and other cardiac diseases or injury. Nowhere on the dog food packaging or website does Defendant inform consumers of its product's association with serious cardiac health risks.

23.    When one searches "DCM," "dilated cardiomyopathy," "cardiac risk," or "heart damage," in the search bar on Defendant's Taste of the Wild website, the search locates nothing responsive.

24.    Instead of acknowledging these cardiac risks to the public, one or more agents of Defendant have written letters to veterinarians pressing them to stop making recommendations against feeding Taste of the Wild grain-free dog food.

4

CLASS ACTION COMPLAINT

25.    In misrepresenting its product and failing to inform consumers of the implications of consuming Taste of the Wild grain-free dog food, Defendant abuses the public's trust.

26.    The false, misleading, deceptive, and inadequate packaging, marketing, and advertising means that California consumers who purchase Taste of the Wild grain-free dog food are unaware that their dogs are at heightened risk of cardiac damage, including development of the fatal heart disease, DCM, and often do not find out unless their dog is diagnosed with a cardiac condition or suddenly dies (and they spend money for a necropsy).

27.    Based on Defendant's misrepresentations and omissions, a reasonable consumer would expect that Taste of the Wild grain-free dog food is a healthy, safe, and natural food for dogs and is formulated to mimic a dog's ancestral diet. However, the product poses a significant health risk. Yet, neither before nor at the time of purchase does Defendant notify consumers like Plaintiff that its dog food is not healthy and poses significant cardiac health risks.

28.    Defendant's unlawful practices have caused financial injury to all California consumers who have purchased Taste of the Wild grain-free dog food.

29.    Accordingly, Plaintiff brings her claims against Defendant individually and on behalf of a class of all others similarly situated for (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (2) violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17200, et seq.; (4) Fraud; (5) Fraudulent Inducement; (6) Fraudulent Omission or Concealment; (7) Fraudulent Misrepresentation; (8) Negligent Misrepresentation; and (9) Quasi-Contract/Unjust Enrichment.

**PARTIES**

30.    Plaintiff Vilekar is a natural person and citizen of California who resides in Newark, California. Ms. Vilekar brings this Class action on behalf of herself and similarly situated consumers ("Class Members") who purchased Taste of the Wild grain-free dog food from three years prior to the filing of this lawsuit to the present.

5

CLASS ACTION COMPLAINT

31.     Ms. Vilekar has purchased Taste of the Wild grain-free dog food numerous times[3] from the Pet Food Express located at 39010 Paseo Padre Parkway, Fremont, California 94538. Prior to her purchase, Ms. Vilekar reviewed the packaging and marketing materials of Taste of the Wild grain-free dog food and saw the claims representing that the product is a healthy and safe dog food inspired by what nature intends for dogs to eat. Ms. Vilekar understood these claims to be representations and warranties by Defendant, that the Taste of the Wild grain-free dog food is free from health risks, but these representations and warranties are false, deceptive, and misleading. Ms. Vilekar reasonably relied on these representations and warranties in deciding to purchase the product, and these representations were part of the basis of the bargain in that she would not have purchased Taste of the Wild grain-free dog food or would not have purchased it on the same terms, if the true facts about its health risks had been known. As a direct result of Defendant's material misrepresentations and omissions, Ms. Vilekar suffered economic injuries.

32.     Ms. Vilekar remains interested in purchasing dog food made by Defendant that is safe, healthy, and inspired by a dog's natural diet in the future should Defendant's product be formulated to align with these representations. But so long as Defendant formulates its Taste of the Wild grain-free, high-legume dog food so as to pose health risks, Ms. Vilekar is unable to do so.

33.     Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods and/or Taste of the Wild is a Missouri corporation with its principal place of business and headquarters located in Meta, Missouri. Defendant is engaged in the business of manufacturing, marketing, and selling pet food products, including the Taste of the Wild brand grain-free dog food at issue in this lawsuit. Relevant to Plaintiff's claims herein, Defendant is a leading manufacturer, packager, and distributor of pet food. Defendant has done business throughout California at all times during the Class Period. Defendant advertises Taste of the Wild grain-free dog food through various means, including on-product representations, web-based marketing, and print advertisements. At all relevant times, Defendant has advertised, marketed, manufactured, distributed, and/or sold pet food, including the Taste of the Wild grain-free dog food at issue, to consumers in and throughout California. At all relevant times, Defendant formulated, directed,

---

[3] Ms. Vilekar purchased Taste of the Wild grain-free dog food at a cost of about $47.00 every one and a half to two months from July 2022 to November 2024.

CLASS ACTION COMPLAINT

controlled, had the authority to control, and/or participated in the acts and practices set forth in this Complaint.

## JURISDICTION AND VENUE

34.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of different states than Defendant. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

35.    This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of this forum by conducting substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California. Defendant thus has invoked the benefits and protections of the laws of the State of California through its promotion, marketing, distribution, and sale of consumer goods, including Taste of the Wild grain-free dog food, in the consumer markets throughout the State of California and within the territorial boundaries of the United States District Court for the Northern District of California. On its website, Defendant directs California consumers to hundreds of specific retailers throughout California and within the Northern District of California where consumers can purchase Taste of the Wild grain-free dog food. This website, which is consistently updated, reasonably implies that Defendant maintains continual contact with the State of California, including the Northern District, for the purpose of selling Taste of the Wild grain-free dog food to California consumers. Defendant maintains two manufacturing facilities in the State of California at which Defendant produces Taste of the Wild grain-free dog food and distributes it throughout the state.

36.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District, and Plaintiff saw Defendant's representations and/or advertisements in this District.

CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS**

I.     **Taste of the Wild Grain-Free Dog Food's Association with DCM and Related Cardiac Damage Renders Safe and Healthy Representations False, Deceptive, and Misleading.**

     A.     **DCM and Related Cardiac Damage**

37.     DCM is a potentially fatal condition in which the heart loses its ability to effectively and efficiently pump blood because the left ventricle becomes enlarged and weakened. It is the most common heart disease in large breed dogs and the second most common heart disease in all dogs.

38.     While the true prevalence of DCM in dogs is unknown because occurrences are underreported, testing and treatment is complex and expensive, and diseases in dogs are not routinely tracked, DCM is estimated to affect roughly 1 in 100 dogs, and up to 58-63% of some large breed dogs.

39.     DCM progresses in stages, often beginning with an asymptomatic period in which no functional changes in cardiac tissue are demonstrated, followed by a period in which there may not be overt clinical symptoms, but cardiovascular and morphological changes can be observed. Before and during these initial phases, indicators of cardiac damage that is related to, consistent with, indicative of, or increases the risk of developing DCM, but does not rise to the level required to make a formal DCM diagnosis, may be detected.

40.     Such indicators of cardiac damage include decreased fractional shortening, which calculates the percentage change in the left ventricle's diameter when contracting; increased levels of NTproBNP in the bloodstream; increased levels of cardiac troponin-I in the bloodstream; reduced levels of taurine in the bloodstream; and/or atrial or ventricular arrhythmias.

41.     Related cardiac damage includes dilation of the LVID, measured both at end-diastole ("LVIDd") and at end-systole ("LVIDs"), resulting in increase to the volume of the left ventricle at end-diastole ("EDV") and/or increase to the volume of the left ventricle at end-systole ("ESV"); dilation of both ventricles of the heart; thinning and/or weakening of the ventricular muscles; and/or damage to the mitochondria of cells in the heart.

42.     The preclinical or "occult" phase, in which dogs may not display any outward symptoms of cardiac deterioration, can last for several years in dogs. In the "occult" phase there are typically no

CLASS ACTION COMPLAINT

outward clinical symptoms that would indicate to a pet owner that their dog's heart has started to deteriorate.

43.    In the final stages of DCM, dogs present clinical signs of heart failure which can include respiratory distress, exercise intolerance, weakness, syncope (fainting), ascites (abdominal distension due to fluid accumulation), lethargy, weight loss due to reduced appetite, and sudden death. Some dogs present no observed symptoms prior to sudden death from fatal arrhythmias and congestive heart failure. Prognosis is often poor, resulting in significantly shortened lifespan, and survival of less than a year following diagnosis.

**B.    Launch of Novel Grain-free, High-legume Dog Food**

44.    Before 2007, the market share for grain-free dog foods was very low, accounting for less than 1% of the overall dog food market. However, the popularity of grain-free dog foods began to rise in a market-driven response to human nutritional trends, including "low-carb" diets such as "Atkins," gluten-free, and "Paleo" diets.

45.    Defendant, then a small dog food manufacturer in Missouri, took note of this trend and launched its Taste of the Wild grain-free dog food in 2007, marketing it as a healthier food that is consistent with "what nature intended" for dogs.

46.    At that time, grain-free dog food was still novel, occupying a small fraction of the dog food market. When grains are eliminated from dog food, alternative sources of carbohydrates such as legume ingredients are needed to facilitate the extrusion process in dry dog food and to provide calories and other nutrients in place of grains. While some legume ingredients had been used in low quantities in pet foods before, grain-free manufacturers like Defendant began using them in much higher concentrations as a cheaper replacement for grains. These ingredients are less expensive than animal protein ingredients, which lowers Defendant's cost of manufacturing Taste of the Wild grain-free food in comparison to dog food that contains grain.

47.    Over the next decade, the grain-free market grew significantly, with grain-free dog food sales increasing to nearly 25% of all dog food sold. Defendant's gross revenues matched that substantial growth, and today Defendant claims to be the number one seller of grain-free dog food in the United States.

CLASS ACTION COMPLAINT

48.     During this time, Defendant capitalized on the grain-free trend and continued to both add grain-free recipes to its catalog of dog foods and increase the quantities of legume ingredients in its recipes, so that by 2015 all of Defendant's Taste of the Wild grain-free recipes contained one or more legume ingredients in the top ten ingredients. It currently has seventeen different grain-free, high-legume recipes.

49.     Defendant is part of a growing industry of so-called "healthy" and "natural" pet foods that appeal to consumer preference for safer, better-quality products. However, there is no scientific or medical justification for dogs to consume grain-free diets. Less than 1% of dogs have food allergies or sensitivities, and of that miniscule percentage, plant-based or grain allergies are rarely implicated.

50.     Defendant's false, deceptive, and misleading claims about Taste of the Wild grain-free dog food are designed to drive greater product sales and allow Defendant to charge a premium price because consumers who buy the dog food are willing to pay more for products represented as safe, healthy, and resembling a natural diet than for products sold without such representations.

51.     Defendant did not employ a board-certified veterinary nutritionist at any stage during development of its grain-free formulas, and it has not conducted a single feeding study substantiating its claims about Taste of the Wild grain-free dog food.

**C.     The Increase in DCM and Related Cardiac Damage in Dog Breeds Not Predisposed to the Disease**

52.     As a result of the surging usage of legume ingredients in the rapidly-expanding grain-free dog food market, by as early as 2009, veterinary cardiologists began observing non-genetic, grain-free diet-induced incidences of DCM and related cardiac damage in dogs not historically known to inherit the disease nor to be typically susceptible to developing the disease, such as small-breed dogs. Following increased reports of diet-associated DCM in dogs eating grain-free diets and the growing number of scientific studies demonstrating the association between consumption of grain-free, high-legume diets and cardiac damage in dogs, veterinarians began warning against such diets and recommending immediate diet change for dogs diagnosed with DCM.

53.     Of particular significance to veterinary cardiologists was the diagnosis of DCM and related cardiac damage in non-genetically predisposed breeds that were consuming grain-free dog food, including Taste of the Wild grain-free dog food.

CLASS ACTION COMPLAINT

54.    Veterinary cardiologists also recognized that consumption of grain-free dog food, including Taste of the Wild grain-free dog food, can exacerbate a genetically predisposed dog's risk of developing DCM and related cardiac damage.

55.    Additionally, dogs with diet-associated DCM, including some dogs genetically predisposed to DCM, showed statistically significant improvement in cardiac function (and in some cases complete reversal of the disease) following cessation of the grain-free diet.

56.    In response to increased reports from veterinary cardiologists of DCM in dogs not genetically predisposed to the disease that were eating grain-free diets, in July 2018, the United States Food and Drug Administration ("FDA") began an investigation of reported incidents of non-hereditary DCM in dogs that are fed pet foods containing peas, lentils, or other legume seeds as main ingredients, most commonly seen in grain-free dog foods (like Taste of the Wild). The FDA has noted the reported incidents "involve a wide range of dog breeds, ages and weights."[4]

57.    In subsequent updates, the FDA also noted that while cases of DCM are underreported, of the DCM cases reported to the FDA, Taste of the Wild grain-free dog food had the third highest prevalence, accounting for more than 12% of the total DCM cases. Privately labelled grain-free dog foods that Defendant manufactures were also highly prevalent in the amount of DCM cases reported to the FDA, including 4Health (which had the fourth highest prevalence) and Nature's Domain (which had the seventh highest prevalence). The FDA also noted that, in addition to incidents of DCM, reports of other related cardiac damage were submitted.

58.    The FDA Director for the Center for Veterinary Medicine ("CVM") at the time, Dr. Steven Solomon, stated that "based off the adverse event reports [the FDA] have received, we have observed an association between certain diets and DCM."[5]

59.    Dr. Solomon stated, "[W]hen there is a signal and an association that could impact human or animal health" the FDA has "a public health obligation to share that information transparently;" however, the FDA does "not view this as a regulatory issue" but "a matter of science."

---

[4] https://www.fda.gov/animal-veterinary/outbreaks-and-advisories/fda-investigation-potential-link-between-certain-diets-and-canine-dilated-cardiomyopathy.

[5] https://ksvdl.org/resources/documents/dcm-forum/DCM-Forum-SolomonOpening-Remarks.pdf.

11

CLASS ACTION COMPLAINT

60.    Dr. Solomon further noted, "CVM does not review or declare any particular type of pet food as 'safe' the way we do with animal drugs."

61.    When the FDA began its ongoing investigation into reports of DCM in dogs eating grain-free diets, it asked pet food manufacturers, including Defendant, to contribute to the investigation and to provide diet formulations to assist in better understanding the relationship with non-hereditary DCM.

62.    However, Defendant has refused to collaborate with the FDA's DCM investigation and has resisted any investigation effort by the FDA.

63.    Instead, Defendant has actively suppressed public knowledge of the FDA's investigation and veterinary recommendations that pet owners avoid feeding dogs grain-free dog foods by attempting to block or remove public comments on various product review websites that refer to the FDA's reports or that discuss or suggest a link between Taste of the Wild grain-free dog food and DCM.

64.    Defendant also exerted political pressure in an attempt to slow down and terminate the FDA's DCM investigation, including engaging in an expansive lobbying campaign.

65.    Defendant's pressure tactics were largely successful, and in December 2022, the FDA announced it did not intend to release further updates on the investigation but rather to continue "to encourage research and collaboration by academia, veterinarians, and the industry."

66.    Despite actively working to suppress information and curb the FDA investigation, Defendant states that it "continue[s] to monitor and support ongoing research efforts, as our top priority is, and always will be, to provide pets with quality, safe food," and in response to consumer inquiries, Defendant falsely asserts that the FDA's DCM investigation has concluded, and that the FDA has determined that Taste of the Wild grain-free dog food is not associated with causing or contributing to cause an increased risk of developing DCM.

67.    Notwithstanding the novelty of grain-free, high-legume diets at the time of Taste of the Wild's launch in 2007 and subsequent alerts from veterinarians regarding serious cardiac risks associated with consumption of grain-free high-legume diets, as well as FDA reports regarding the observed association, Defendant has never performed any safety testing of its Taste of the Wild grain-free dog food regarding cardiac outcomes in dogs.

12

CLASS ACTION COMPLAINT

68.     Defendant has never conducted any clinically controlled, randomized study investigating Taste of the Wild grain-free dog food and its association with causing or contributing to cause an increased risk of developing DCM. In fact, other than palatability and digestion studies, Defendant has conducted no studies or feeding trials on its Taste of the Wild grain-free dog food, either before or after making the product available for sale in California, to confirm the safety of the product. Defendant has represented that it does not feel compelled to conduct these studies because it believes the onus is on those claiming Taste of the Wild grain-free dog food is unsafe to prove their allegations, rather than on Defendant to ensure the safety of its own products.

**D.    Defendant's Knowledge and Concealment**

69.     Since at least 2018, Defendant has been aware that its Taste of the Wild grain-free dog food increases the risk of serious cardiac health problems in dogs.

70.     As early as 2018, Defendant was aware of accumulating scientific studies demonstrating a contributory or causal connection between consumption of grain-free high-legume diets and DCM and related cardiac damage in dogs.

71.     As early as July 2018, Defendant was aware of the FDA's alert regarding the reports of the DCM link "in dogs eating certain pet foods containing peas, lentils, other legume sees" as main ingredients, "common in diets labeled as 'grain-free'."[6]

72.     As early as June 2019, Defendant was aware the FDA had named Taste of the Wild as the third most commonly reported grain-free dog food in reported DCM cases.

73.     Defendant is aware that veterinarians recommend against feeding dogs a grain-free dog food, including Taste of the Wild grain-free dog food, because of the increased cardiac risks and because there is no medical or scientific justification for a dog to be on a grain-free diet.

74.     From 2018 to 2022, Defendant received at least 110 consumer reports of canine DCM and other cardiac related deaths in dogs that were fed grain-free dog food products manufactured by Defendant, including Taste of the Wild grain-free dog food.

---

[6] https://wayback.archive-it.org/7993/20201222194256/https://www.fda.gov/animal-veterinary/cvm-updates/fda-investigating-potential-connection-between-diet-and-cases-canine-heart-disease

75. Defendant is aware of dogs that have been diagnosed with diet-associated DCM due to eating Taste of the Wild grain-free dog food.

76. Defendant is aware that veterinarians have recommended that dogs who have been diagnosed with DCM avoid consuming Taste of the Wild and other grain-free dog foods, and Defendant does not inform consumers of those recommendations.

77. Despite this knowledge, Defendant has suppressed and concealed this information from the public. Defendant's tactics included pressuring and even threatening veterinarians and consumers to stop recommending that dog owners avoid feeding dogs Taste of the Wild grain-free dog food.

78. As alleged herein, Defendant has orchestrated and engaged in an expansive lobbying campaign to suppress and shut down the FDA's public reports regarding diet-associated DCM and cardiac risks.

79. As further alleged herein, Defendant has also attempted to block or remove public comments that refer to the FDA's reports or that discuss or suggest a link between Taste of the Wild grain-free dog food and DCM on various product review websites.

80. When Defendant has been unable to completely scrub a comment or complaint from public view, Defendant has resorted to outright lies in order to mislead and conceal information regarding FDA reports and the safety testing it has done on its grain-free dog food. For example, in May 2019, in response to a consumer whose dog died from diet-associated DCM after eating a Taste of the Wild grain-free dog food diet for the majority of its life, Defendant stated that "[T]he FDA has not listed any specific pet diets, food ingredients or manufacturers as a cause of DCM … I don't know where you found it saying we use 6 week feeding trials. Like a lot on the internet, this is blatantly untrue. When we do feeding trials it is the standard 6 months long, like the other pet food manufacturers use." In fact, as alleged herein, the FDA had identified specific pet diets and ingredients—grain-free, high-legume diets—and Defendant has never conducted a 6-month feeding trial on its Taste of the Wild grain-free dog food.

81. Internally, Defendant's Director of Veterinary Affairs recommended to an employee concerned about the association of DCM and Taste of the Wild grain-free dog food that she switch her dogs to a grain-inclusive diet. She also recommended to a consumer that she not feed her dog Taste of the

14

CLASS ACTION COMPLAINT

Wild grain-free dog food because the dog was a breed predisposed to DCM, and stated that she does not feed her own dog Taste of the Wild grain-free dog food because her dog was a breed predisposed to DCM.

82. While Defendant's own employees, with the benefit of Defendant's knowledge, kept their pets safe and healthy by avoiding the product, other consumers were misled, deceived, and deprived of the material facts by packaging and marketing that affirmatively represented Taste of the Wild grain-free dog food as safe and healthy and omitted information regarding the increased cardiac risks.

83. Defendant is aware that consumers would not purchase Taste of the Wild grain-free dog food if they knew that it was associated with cardiac damage and causing or contributing to cause an increased risk of developing or exacerbating DCM.

## II.    Defendant's Misrepresentations and Omissions Are Actionable

84. Defendant has endangered consumers' dogs by touting its dog food as healthy and safe when Defendant knows of these significant cardiac risks. Despite the fact that Taste of the Wild grain-free dog food is associated with an increased risk of cardiac injury and development of DCM, Defendant represents that it is healthy, safe, and is what nature intended for dogs to eat.

85. Defendant's on-product packaging markets Taste of the Wild grain-free dog food as "a modern diet, inspired by nature" that provides dogs "all the nutrition they need to thrive."




CLASS ACTION COMPLAINT



**A modern diet, inspired by nature.**

, their diet should provide them with all the nutrition they need to thrive. And that is exactly what they get with Taste of the Wild.

86.    The product packaging represents that legume ingredients "provide nutrients that help support your dog's overall well-being."

provide nutrients that help support your dog's overall well-being,

87.    The packaging represents that the recipes are good and healthy for dogs with representations such as:

- "great for adult dogs;"

- "provide[s] complete nutrition and help[s] maintain the sleek condition of good health;"

**GREAT FOR ADULT DOGS** – This recipe is specifically designed to provide complete nutrition and help maintain the sleek condition of good health for your adult dog.

- "great for small breeds;"






**GREAT FOR SMALL BREEDS** – Rich in proteins and fat breed adult dogs need in a small kibble size that is easy for small mouths to

- provides ingredients for systems "vital to the overall health of your pet;"

**SPECIES-SPECIFIC PROBIOTICS** – Healthy digestive and immune systems are vital to the overall health of your pet. Our proprietary K9 Strain® Probiotics are developed specifically for dogs and added after the cooking process to

16

CLASS ACTION COMPLAINT

- provides balanced nutrition with "protein sources ensur[ing] that adequate amounts of the building blocks for a healthy body are available;"






- the ingredients, like legumes, are "a superfood packed with protein…and essential nutrients."







17

CLASS ACTION COMPLAINT

88.    Defendant states it "promises to be transparent and clear about what goes into our products and your dog's bowl."

**THE PREY PROMISE**

Every ingredient in PREY is included for a reason. We promise to be transparent and clear about what goes into our products and your dog's bowl. If you have any questions about the purpose of an ingredient, check out our ingredient glossary or contact us at TasteOfTheWildPREY.com.

89.    On every Taste of the Wild grain-free packaging, Defendant directs its consumers to its website.

90.    Defendant's website marketing of its Taste of the Wild grain-free recipes represents that its recipes are "complete and balanced" and that "every formula is designed to keep your pet healthy."

**Unique Ingredients with a Unique Appeal**

worthy roasted and smoked flavors, every formula is designed to keep your pet healthy and satisfy their ancestral cravings. Learn

91.    Defendant represents that "every Taste of the Wild recipe will help [dogs] eat the way nature intended" and that the dog foods have "unique nutritional benefits" with a "focus on ensuring every ingredient is beneficial to your pet's health and happiness."

**Our Standards**

ingredients from around the globe with a focus on ensuring every ingredient is beneficial to your pet's health and happiness.

92.    Defendant's web-based representations further claim "safety is our top priority" and that Taste of the Wild "adhere[s] to stringent and scientifically advanced food safety protocols," and conducts "feeding trials" "to ensure the safest and most nutritious food possible."

18

CLASS ACTION COMPLAINT

93.    Each of these statements represent pure and partial omissions as well as misrepresentations regarding Taste of the Wild grain-free dog food's healthiness and safety for dogs. As a result, Plaintiff and the Class were injured by the full or partial purchase price of each package Taste of the Wild grain-free dog food purchased because the product is worthless (or is of less value than Defendant represented it to be) in that Plaintiff and the Class would not have purchased Taste of the Wild grain-free dog food at all, or would not have purchased it at the same price, had they been aware of all the material facts.

94.    Plaintiff and Class Members bargained for a product that is healthy and safe for consumption and were deprived of the basis of their bargain when Defendant sold them a product that increases the risks of serious cardiac health effects and that has no scientific or medical justification for being fed to any dog.

95.    No reasonable consumer would expect that Taste of the Wild grain-free dog food marketed as healthy and safe would pose a risk to their dogs' cardiac health, safety, and well-being, or that it would cause or contribute to cause a fatal heart condition. Nor would a reasonable consumer expect that a dog food manufacturer introducing a novel grain-free high-legume product had conducted no adequate feeding studies to substantiate its product claims. Accordingly, Plaintiff and Class Members suffered economic injuries as a result of purchasing Taste of the Wild grain-free dog food.

96.    Moreover, because these facts relate to a critical healthy and safety-related deficiency in Taste of the Wild grain-free dog food, Defendant was under a continuous duty to disclose to Plaintiff and Class Members the true standard, quality, and grade of the product and to disclose that Taste of the Wild grain-free dog food may be deleterious to dogs' health. Defendant also had a duty to disclose because of its unique, exclusive, and/or superior knowledge concerning the true nature of Taste of the Wild grain-free dog food. Nonetheless, Defendant omitted, concealed, and misrepresented this information, as discussed herein.

97.    Although Defendant is in the best position to know what content it placed on its packaging during the relevant timeframe, and the facts regarding the Taste of the Wild grain-free dog food's association with cardiac risks that rendered its representations misleading, to the extent necessary, Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

19

CLASS ACTION COMPLAINT

98.     **WHO:** Defendant made material misrepresentations and omissions of fact about Taste of the Wild grain-free dog food through its packaging, website, and marketing materials which represent that the product is healthy, safe, and similar to a dog's natural diet. These representations are misleading and constitute omitted material information regarding Taste of the Wild grain-free dog food's association with cardiac risks.

99.     **WHAT:** Defendant's conduct here was, and continues to be, fraudulent because it omitted and concealed Taste of the Wild grain-free dog food's association with cardiac risks, including development of DCM. Thus, Defendant's conduct deceived Plaintiff and Class Members into believing that the dog food is similar to a dog's natural diet, healthy, and safe when it is not. Defendant knew or should have known that this information is material to reasonable consumers, including Plaintiff and Class Members in making their purchasing decisions, yet it continued to pervasively market its product in this manner in the State of California to convince consumers the product is similar to a dog's natural diet, healthy, and safe for dogs.

100.     **WHEN:** Defendant made material misrepresentations and omissions during the putative class period, including prior to and at the time Plaintiff and Class Members purchased Taste of the Wild grain-free dog food, despite its knowledge of the product's association with cardiac risks, including development of DCM.

101.     **WHERE:** Defendant's marketing message was uniform and pervasive, carried through material misrepresentations and omissions on Taste of the Wild grain-free dog food's packaging, website, and through marketing materials.

102.     **HOW:** Defendant made material misrepresentations and omissions of fact regarding Taste of the Wild grain-free dog food, including the product's association with cardiac risks and development of DCM.

103.     **WHY:** Defendant made the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiff, Class Members, and all reasonable consumers to purchase and/or pay for Taste of the Wild grain-free dog food, the effect of which was that Defendant profited by selling the product to hundreds of thousands of consumers.

CLASS ACTION COMPLAINT

104.    **INJURY:** Plaintiff and Class Members purchased, paid a premium (up to the full purchase price), or paid more for Taste of the Wild grain-free dog food when they otherwise would not have absent Defendant's misrepresentations and omissions.

## CLASS ACTION ALLEGATIONS

105.    Plaintiff brings her claims for relief under Federal Rules of Civil Procedure 23 on behalf of the following Class (collectively, "the Class"):

> All persons who purchased Taste of the Wild grain-free dog food in the State of California from three years prior to the filing of the Complaint to the present.

106.    Excluded from the Class are persons who made such purchase for purpose of resale; Defendant and any entities in which Defendant has a controlling interest; Defendant's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, assignees, agents and employees; the judge to whom this action is assigned; members of the judge's staff; and the judge's immediate family.

107.    Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

108.    The proposed class meets the criteria for certification under Rule 23.

109.    *Numerosity*. Members of the Class are so numerous that their individual joinder herein is impracticable. While the exact number of class members is unknown to Plaintiff at this time, on information and belief, members of the Class number in the thousands.

110.    *Commonality* and *Predominance*. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to:

    a.    Whether Defendant is responsible for the conduct alleged herein which was uniformly directed to all consumers who purchased Taste of the Wild grain-free dog food;

    b.    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant had engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of Taste of the Wild grain-free dog food;

CLASS ACTION COMPLAINT

c. Whether Defendant's false and misleading statements concerning Taste of the Wild grain-free dog food were likely to deceive the public and reasonable consumers;

d. Whether Defendant made material misrepresentations and omissions regarding Taste of the Wild grain-free dog food's association with causing or contributing to cause DCM and related cardiac damage;

e. Whether Defendant sold Taste of the Wild grain-free dog food at inflated prices as a result of its deceptive, false, misleading representations and material omissions;

f. Whether Defendant committed the statutory and common law violations alleged against Plaintiff and the Class by doing so; and

g. Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other members of the Class.

111. *Typicality*. Plaintiff's claims are typical of the claims of the Class because Plaintiff was subjected to the same allegedly unlawful conduct and damages in the same way in that Plaintiff purchased Defendant's product in reliance on the representations described above and suffered a loss as a result of that purchase.

112. *Adequacy*. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

113. *Superiority*. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Individually, the Class members may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense of all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of the case. Individualized litigation also presents the potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a

CLASS ACTION COMPLAINT

single court on the issue of Defendant's liability. Class treatment of the liability issue will ensure that all claims and claimants are before this Court for consistent adjudication of liability issues.

114.    Discovery will inform the proper form and manner of notice to Class Members. Plaintiff anticipates, however, that notice by direct mail will be given to Class Members who can be specifically identified, including, without limitation, by the use of store records where Taste of the Wild grain-free dog food was purchased, the use of records from online retailers such as Amazon and Chewy, and the use of information in Defendant's possession. In addition, notice may be published in appropriate publications, on the internet, in press releases, and in similar communications in a way that is targeted to reach those who may have purchased Taste of the Wild grain-free dog food.

115.    Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

116.    Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and members of the Class and will likely retain the benefits of its wrongdoing.

117.    Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

## <u>COUNT I</u>

**(Violation of California's Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200, et seq.)**

118.    Plaintiff realleges and incorporates by reference all paragraphs alleged above.

119.    Plaintiff brings this claim individually and on behalf of the Class against Defendant.

120.    In the alternative to those claims seeking damages, Plaintiff and class members allege that there is no adequate remedy at law.

121.    Plaintiff and Class members have an equitable interest in the money they paid Defendant for Defendant's Taste of the Wild grain-free dog food, which they allege included misleading marketing, advertising, and packaging.

122.    By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, which prohibits "any unlawful, unfair, or fraudulent business act or practice," as to the Class.

CLASS ACTION COMPLAINT

123. Defendant has violated the UCL's proscription against engaging in Unlawful Business Practices as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), and violations of California's False Advertising Law, in addition to violations of common law as alleged below.

124. As more fully described above, Defendant's misleading marketing, advertising, and packaging of Taste of the Wild grain-free dog food is likely to deceive reasonable consumers. In addition, Defendant has committed unlawful business practices by, inter alia, making the representations and omissions of material facts, as set forth more fully herein. Plaintiff and the Class Members reserve the right to allege other violations of law which constitute other unlawful business acts or practices.

125. Defendant has also violated the UCL's proscription against engaging in Unfair Business Practices. Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200 et seq. in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

126. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein as noted above.

127. Defendant has further violated the UCL's proscription against engaging in Fraudulent Business Practices. Defendant's claims, nondisclosures, and misleading statements with respect to Taste of the Wild grain-free dog food, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200.

128. Plaintiff and the other Class Members suffered a substantial injury by virtue of buying Taste of the Wild grain-free dog food that they would not have purchased, or would not have purchased at the same price, absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omissions about the nature of the product.

129. There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the true nature of Taste of the Wild grain-free dog food.

CLASS ACTION COMPLAINT

130.    Plaintiff and the other Class Members had no reasonable way of knowing that the product they purchased was not as marketed, advertised, and packaged.

131.    Thus, they could not have reasonably avoided the injury each of them suffered.

132.    The gravity of the consequences of Defendant's conduct as described outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other Class Members.

133.    Plaintiff and Class members lack an adequate remedy at law to recover the amounts that Defendant received from its UCL violations to the extent it is determined that Plaintiff and Class members did not have a legal entitlement to damages. In such a scenario, Plaintiff and Class members would still have an equitable entitlement to recover the amounts Defendant received given that Plaintiff and Class members conferred a benefit on Defendant by paying money for Taste of the Wild grain-free dog food, which they allege Defendant misleadingly marketed, labeled, and packaged. Fairness dictates that Plaintiff and Class members are entitled to restitution for these purchases; and it would be inequitable for Defendant to retain the amounts earned from Plaintiff and Class members' purchases.

134.    Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class seek an order of this Court that includes, but is not limited to, an order enjoining Defendant from further conduct that violates the UCL and requiring Defendant to (a) provide restitution to Plaintiff and the other Class Members; (b) disgorge all profits obtained as a result of violations of the UCL; and (c) pay Plaintiff's and the Class's attorneys' fees and costs.

## COUNT II

**(Violation of California's Consumers Legal Remedies Act ("CLRA"),**

**California Civil Code § 1750, et seq.)**

**(Injunctive Relief Only)**

135.    Plaintiff realleges and incorporates by reference all paragraphs alleged above.

136.    Plaintiff brings this claim individually and on behalf of the Class against Defendant.

CLASS ACTION COMPLAINT

137.    Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have."

138.    Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

139.    Civil Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

140.    Defendant violated Civil Code § 1770(a)(5), (a)(7), and (a)(9) by holding out its Taste of the Wild grain-free dog food as healthy, safe, and inspired by nature when in fact there is no medical or scientific justification that a dog eat a grain-free, high-legume diet, and the dog food is associated with an increased risk of DCM and related cardiac damage.

141.    Defendant has unique, exclusive, and/or superior knowledge of the health risks of the product, which were not known to Plaintiff or Class Members.

142.    Defendant made partial representations to Plaintiff and Class Members, while suppressing the true nature of the product. Specifically, by displaying the product and describing the product as healthy, safe, and inspired by nature, including on the product packaging, on its website, and in its marketing, without disclosing the product's association with developing DCM and related cardiac damage. Moreover, Defendant affirmatively misrepresented the product despite its knowledge that the product was not as advertised.

143.    Plaintiff and the Class Members have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the product that they otherwise would not have incurred or paid, and unknowingly exposed their pets to significant and substantial health risks.

144.    On April 29, 2026, in addition to the filing of this Complaint, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with California Civil Code § 1782(a).

145.    The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA with respect to its marketing and sale of Taste of the Wild grain-free dog food, and demanding that it cease and desist from such violations and make full restitution by refunding

the monies received therefrom. The letter stated that it was sent on behalf of all other similarly situated purchasers. A copy of this Complaint was attached as an exhibit to the letter.

146. Because of the gravity of the harm alleged, Plaintiff has chosen not to wait for Defendant's response before filing this action.

147. Plaintiff has also chosen not to wait for Defendant's response because Defendant has long known about its conduct as described herein, it is subject to ongoing litigation regarding similar allegations in Missouri, and it has refused to act.

148. Accordingly, Plaintiff and the Class Members seek injunctive relief available under the CLRA. Should Defendant choose not to remedy the situation within 30 days of the letter, Plaintiff intends to amend this Complaint to seek damages and reasonable attorneys' fees under the CLRA.

## COUNT III

### (Violation of California's False Advertising Law ("FAL"),

### Cal. Bus. & Prof. Code § 17500, et seq.)

149. Plaintiff realleges and incorporates by reference all paragraphs alleged above.

150. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

151. In the alternative to those claims seeking damages, Plaintiff and class members allege that there is no adequate remedy at law.

152. Plaintiff and Class Members have an equitable interest in the money they paid Defendant for Defendant's Taste of the Wild grain-free dog food, which they allege included misleading marketing, advertising, and packaging.

153. Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive Class Members and the public. As described above, and throughout this Complaint, Defendant misrepresented its Taste of the Wild grain-free dog food as healthy and safe when, in fact, the product was not healthy and safe, and instead increased cardiac health risks.

154. By its actions, Defendant disseminated uniform advertising regarding Taste of the Wild grain-free dog food to and across California. The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code § 17500, et seq. Such advertisements were intended to and likely did deceive the consuming public for the reasons detailed herein.

CLASS ACTION COMPLAINT

155. The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant failed to disclose that consumption of Taste of the Wild grain-free dog food poses a significant risk to the health, safety, and wellbeing of dogs.

156. Defendant continues to misrepresent to consumers that Taste of the Wild grain-free dog food is healthy and safe when in fact the product is not.

157. In making and disseminating these statements, Defendant knew, or should have known, its advertisements were untrue and misleading in violation of California law. Plaintiff and other Class Members based their purchasing decisions on Defendant's partial misrepresentations and omitted material facts. The revenue attributable to Taste of the Wild grain-free dog food sold with those false and misleading advertisements likely amounts to tens of millions of dollars.

158. The misrepresentations and omissions by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code § 17500, et seq.

159. Plaintiff and Class Members lack an adequate remedy at law to recover the amounts that Defendant received from its FAL violations to the extent it is determined that Plaintiff and Class Members did not have a legal entitlement to damages. In such a scenario, Plaintiff and Class Members would still have an equitable entitlement to recover the amounts Defendant received given that Plaintiff and Class Members conferred a benefit on Defendant by paying money for Taste of the Wild grain-free dog food, which they allege Defendant misleadingly marketed, labeled, and packaged. Fairness dictates that Plaintiff and Class Members are entitled to restitution for these purchases; and it would be inequitable for Defendant to retain the amounts earned from Plaintiff and Class Members' purchases.

160. As a result of Defendant's wrongful conduct, Plaintiff and Class Members lost money in an amount to be proven at trial. Plaintiff and Class Members are therefore entitled to restitution as appropriate for this cause of action.

161. Plaintiff and Class Members seek restitution of all profits stemming from Defendant's violations of the FAL; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate relief.

28

CLASS ACTION COMPLAINT

## COUNT IV

### (Fraud)

162.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

163.    Plaintiff brings this claim individually and on behalf of the Class under California law.

164.    At the time Plaintiff and Class Members purchased Taste of the Wild grain-free dog food, Defendant did not disclose, but instead omitted, suppressed, and concealed the product's association with cardiac risks, and affirmatively misrepresented the product as healthy, safe, and a diet inspired by nature.

165.    Defendant knew that its representations regarding the healthfulness and safety of its Taste of the Wild grain-free dog food were false because of the product's association with increased cardiac risks.

166.    Defendant knew that its suppressions, omissions, and misrepresentations regarding Taste of the Wild grain-free dog food were material, and intended that reasonable consumers would rely upon its representations (and corresponding omissions) in making purchasing decisions.

167.    Because of Defendant's omissions, suppressions, and concealments, Plaintiff and Class Members justifiably relied on Defendant's misrepresentations (and corresponding omissions) in making their purchasing decisions.

168.    Given the deceptive manner in which Defendant advertised, marketed, represented, and otherwise promoted Taste of the Wild grain-free dog food, Plaintiff's and the Class's reliance on Defendant's misrepresentations and omissions was justifiable.

169.    Further, Plaintiff and Class Members had a right to rely upon Defendant's representations (and corresponding omissions) because Defendant maintained unique, exclusive, and/or superior control over knowledge of material facts regarding the true quality of Taste of the Wild grain-free dog food.

170.    Plaintiff and Class Members sustained damages as a result of their reliance on Defendant's omissions and misrepresentations, thus causing Plaintiff and Class Members to sustain actual losses and damages, including punitive damages, in a sum to be determined at trial.

## COUNT V

### (Fraudulent Inducement)

171.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

CLASS ACTION COMPLAINT

172. Plaintiff brings this claim individually and on behalf of the Class under California law.

173. Defendant did not disclose, but instead concealed material facts and misrepresented Taste of the Wild grain-free dog food, as discussed herein.

174. Defendant knew that its representations regarding the healthfulness and safety of its Taste of the Wild grain-free dog food were false because of the product's association with increased cardiac risks.

175. Defendant also knew that omissions and misrepresentations regarding the Taste of the Wild grain-free dog food were material, and intended that reasonable consumers would rely upon its representations (and corresponding omissions) in making purchasing decisions.

176. Defendant intended to induce—and did, indeed, induce—Plaintiff and Class members into purchasing Taste of the Wild grain-free dog food based upon its affirmative representations and omissions.

177. Because of Defendant's omissions, suppressions, and concealments, Plaintiff and Class Members justifiably relied on Defendant's misrepresentations (and corresponding omissions) in making their purchasing decisions.

178. Plaintiff and Class Members did not know—nor could they have known through reasonable diligence—about the true quality of Taste of the Wild grain-free dog food because Defendant maintained unique, exclusive, and/or superior control over knowledge of material facts regarding the true quality of the product.

179. Plaintiff and Class Members had a right to rely on Defendant's representations (and corresponding omissions) as Defendant maintained exclusive control over the Taste of the Wild grain-free dog food, and what information it made available regarding the product.

180. Plaintiff and Class Members would not have purchased Taste of the Wild grain-free dog food, or would not have purchased the product at the same price if they had known all material facts and that the product was associated with increased cardiac risks.

181. Plaintiff and Class Members sustained damages as a result of their reliance on Defendant's omissions and misrepresentations, thus causing Plaintiff and Class Members to sustain actual losses and damages, including punitive damages, in a sum to be determined at trial.

CLASS ACTION COMPLAINT

**COUNT VI**

**(Fraudulent Concealment or Omission)**

182.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

183.    Plaintiff brings this claim individually and on behalf of the Class under California law.

184.    At all relevant times, Defendant was engaged in the business of designing, manufacturing, distributing, and selling Taste of the Wild grain-free dog food.

185.    Defendant willfully, falsely, and knowingly omitted material facts and made partial representations regarding the quality and character of Taste of the Wild grain-free dog food at the time of purchase, as discussed herein.

186.    Defendant had a duty to ensure the accuracy of the information regarding Taste of the Wild grain-free dog food because it had unique, exclusive, and/or superior knowledge of all material information and the information pertains to matters of health and safety. Due to Defendant's partial representations and omissions, it did not fulfill that duty.

187.    Defendant made these material omissions and partial representations to boost or maintain sales of Taste of the Wild grain-free dog food, and to falsely assure purchasers of the product that it is healthy and safe. The omitted information and partial representations were material to Plaintiff and Class Members because the representations played a significant role in the value of the product purchased, and Plaintiff and the Class would not have purchased Taste of the Wild grain-free dog food, or would not have purchased it at the same price, had they known the truth about the product's association with increased cardiac risks.

188.    Plaintiff and Class Members were unaware of these material misrepresentations and omissions. Given the deceptive manner in which Defendant advertised, marketed, represented, and otherwise promoted Taste of the Wild grain-free dog food, Plaintiff's and the Class's reliance on Defendant's misrepresentations and omissions was justifiable. Further, Plaintiff's and Class Members' actions were justified given Defendant's misrepresentations and omissions because Defendant had unique and/or exclusive control of material facts, and all materials facts were not known to the public.

189.    Due to Defendant's misrepresentations and omissions, Plaintiff and Class Members sustained injury resulting from purchase of Taste of the Wild grain-free dog food that did not have the

CLASS ACTION COMPLAINT

value advertised. Plaintiff and Class Members are entitled to recover the full or partial purchase price for the product they purchased due to Defendant's misrepresentations and omissions.

190.    Defendant's acts were done maliciously, oppressively, deliberately, and with intent to defraud, and in reckless disregard of Plaintiff's and Class Members' rights and well-being, and in part to enrich itself at the expense of consumers. Defendant's acts were done to gain commercial advantage over competitors, and to drive consumers away from consideration of competing products. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future.

## COUNT VII

### (Fraudulent Misrepresentation)

191.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

192.    Plaintiff brings this claim individually and on behalf of the Class under California law.

193.    Defendant falsely represented to Plaintiff and the Class that Taste of the Wild grain-free dog food was healthy, safe, and inspired by nature.

194.    Defendant intentionally, knowingly, and recklessly made these misrepresentations to induce Plaintiff and the Class to purchase Taste of the Wild grain-free dog food.

195.    Defendant knew or should have known that its representations and omissions regarding Taste of the Wild grain-free dog food were false in that the product is not healthy and safe as discussed throughout. Defendant knowingly allowed its packaging, advertisements, promotional materials, and websites to intentionally mislead consumers, such as Plaintiff and the Class.

196.    Plaintiff and the Class did in fact rely on these misrepresentations (and corresponding omissions) and purchased Taste of the Wild grain-free dog food to their detriment. Given the deceptive manner in which Defendant advertised, marketed, represented, and otherwise promoted Taste of the Wild grain-free dog food, Plaintiff's and the Class's reliance on Defendant's misrepresentations and omissions was justifiable.

197.    As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages in that they would not have purchased Taste of the Wild grain-free dog food at all, or would not have purchased the product at the same price, had they known of the health risks

CLASS ACTION COMPLAINT

associated with the product and that the product does not conform with Defendant's representations and marketing.

198. Plaintiff and the Class seek actual damages, punitive damages attorney's fees, costs, and other such relief the Court deems proper.

## COUNT VIII

### (Negligent Misrepresentation)

199. Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

200. Plaintiff brings this claim individually and on behalf of the Class under California law.

201. Defendant affirmatively misrepresented its Taste of the Wild grain-free dog food as safe, healthy, and inspired by nature.

202. Defendant's representations were false and amounted to half-truths because Defendant omitted and concealed the product's association with increased cardiac risks.

203. Defendant knew of its product's association with increased health risks and Defendant did not properly safety test its product.

204. Defendant thus lacked reasonable grounds to believe its product was as represented and failed to exercise reasonable care in ascertaining the accuracy of its representations.

205. Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the development, testing, manufacturing, marketing, distribution, and sale of Taste of the Wild grain-free dog food.

206. Defendant breached its duty to Plaintiff and the Class by developing, manufacturing, marketing, distributing, and selling the product to Plaintiff and the Class that did not have the qualities and characteristics as advertised by Defendant, by failing to properly safety test the product, and by failing to promptly remove the product from the marketplace or take other appropriate remedial action.

207. Defendant breached its duty to Plaintiff and the Class by omitting and concealing material facts and failing to present the complete truth regarding its Taste of the Wild grain-free dog food's association with cardiac risks.

208. Defendant knew or should have known that the qualities and characteristics of Taste of the Wild grain-free dog food were not as advertised, marketed, or otherwise represented and were otherwise

CLASS ACTION COMPLAINT

not as warranted and represented by Defendant. Specifically, Defendant knew or should have known that the product raised cardiac health risks.

209.    Defendant intended Plaintiff and the Class to rely on its misrepresentations and half-truths in purchasing Taste of the Wild grain-free dog food.

210.    Due to the Defendant's half-truths and omissions, Plaintiff and the Class justifiably relied on Defendant's misrepresentations and false statements.

211.    As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages in that they would not have purchased Taste of the Wild grain-free dog food at all, or would not have purchased it at the same price, had they known that the product was not healthy and safe and that the product does not conform with Defendant's representations and marketing.

212.    Plaintiff and the Class seek actual damages, attorney's fees, costs, and any other just and proper relief available.

## COUNT IX

### (Quasi-Contract/Unjust Enrichment)

213.    Plaintiff realleges and reincorporates by reference all paragraphs alleged above.

214.    Plaintiff brings this claim individually and on behalf of the Class under California law.

215.    In the alternative to those claims seeking damages, Plaintiff and class members allege that there is no adequate remedy at law.

216.    To the extent required by law, this cause of action is alleged in the alternative to legal claims, as permitted under Fed. R. Civ. P. 8.

217.    Plaintiff and Class members conferred benefits on Defendant by purchasing Taste of the Wild grain-free dog food.

218.    Defendant was unjustly enriched by retaining the profits derived from Plaintiff's and Class Members' purchases of the product. Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the product was not healthy and safe as represented and advertised, rendering it unfit for its intended purpose. Defendant's misrepresentations and omissions caused injuries to Plaintiff and Class Members in that they would not have purchased Taste of the Wild

34

CLASS ACTION COMPLAINT

grain-free dog food, or would not have purchased it at the same price if they knew all material facts regarding the product's association with increased cardiac risks.

219.    Plaintiff and Class Members lack an adequate remedy at law to recover the amounts that Defendant received from its wrongful conduct to the extent it is determined that Plaintiff and Class Members did not have a legal entitlement to damages. In such a scenario, Plaintiff and Class Members would still have an equitable entitlement to recover the amounts Defendant received given that Plaintiff and Class Members conferred a benefit on Defendant by paying money for Taste of the Wild grain-free dog food, which they allege Defendant misleadingly marketed, labeled, and packaged. Fairness dictates that Plaintiff and Class Members are entitled to restitution for these purchases; and it would be inequitable for Defendant to retain the amounts earned from Plaintiff and Class Members' purchases.

220.    In the alternative to legal damages, and in the case that legal damages are inadequate to remedy Plaintiff and Class Members' harm, because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant has been unjustly enriched in an amount to be determined at trial, and Plaintiff seeks equitable relief, including nonrestitutionary disgorgement of Defendant's profits in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

        a.     For an order certifying the Class under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel;

        b.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

        c.     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

        d.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury consistent with the allegations outlined above including but not limited to the damage requests and allegations outlined in each respective Count;

        e.     For prejudgment interest on all amounts awarded;

CLASS ACTION COMPLAINT

f.    For an order of restitution and all other forms of equitable monetary relief as outlined above;

g.    For injunctive relief as pleaded or as the Court may deem proper;

h.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit consistent with the allegations outlined above including but not limited to the damage requests and allegations outlined in each respective Count.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: April 29, 2026                              /s/ Dena C. Sharp

**GIRARD SHARP LLP**
Dena C. Sharp, SBN 245869
Adam E. Polk, SBN 273000
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
dsharp@girardsharp.com
apolk@girardsharp.com

**STUEVE SIEGEL HANSON LLP**
Patrick J. Stueve (*pro hac vice* forthcoming)
Todd E. Hilton (*pro hac vice* forthcoming)
Stephen D. Ahal (*pro hac vice* forthcoming)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel.: 816-714-7100
Fax: 816-714-7101
stueve@stuevesiegel.com
hilton@stuevesiegel.com
ahal@stuevesiegel.com

**SHANK & HEINEMANN, LLC**
Christopher S. Shank (*pro hac vice* forthcoming)
David L. Heinemann (*pro hac vice* forthcoming)

36

CLASS ACTION COMPLAINT

1968 Shawnee Mission Pkwy, Suite 100
Mission Woods, Kansas 66205
Tel.: 816.471.0909
Fax: 816.471.3888
chris@shanklawfirm.com
david@shanklawfirm.com

**SCHIRGER FEIERABEND LLC**
John J. Schirger (*pro hac vice* forthcoming)
Joseph M. Feierabend (*pro hac vice* forthcoming)
Katherine A. Feierabend (*pro hac vice* forthcoming)
6811 Shawnee Mission Parkway, Suite 312
Overland Park, KS 66202
Tel.: (816) 561-6500
Fax: (816) 561-6501
schirger@sflawyers.com
feierabend@sflawyers.com
kfeierabend@sflawyers.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT