UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAYALI VILEKAR,

Plaintiff,

v.

SCHELL & KAMPETER, INC.,

Defendant.

Case No. 26-cv-03723-RFL

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 48

Schell & Kampeter, which does business under the name Diamond Pet Foods, sells Taste of the Wild, a grain-free dog food. Sayali Vilekar filed this putative class action, alleging that Diamond fraudulently represents that Taste of the Wild is healthy, even though it allegedly causes dilated cardiomyopathy (DCM), a heart disease. Diamond now moves to dismiss Vilekar's amended complaint. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Causation.*** Diamond argues that none of Vilekar's claims can proceed because Vilekar has not plausibly pled that Taste of the Wild causes heart problems in dogs. Thus, Diamond says, none of Diamond's representations about Taste of the Wild are fraudulent.

Vilekar has plausibly pled that Taste of the Wild causes heart problems in dogs. For one thing, the amended complaint cited studies that show a correlation between dogs eating grain-free food and developing DCM. (*See, e.g.*, Dkt. No. 46 ¶ 63 & n.27.)[1] Diamond argues that allegations of causation require more than studies showing correlation,[2] but Vilekar has more. She cited a study that found discontinuing a grain-free diet in dogs with DCM led to a statistically significant improvement in their DCM condition, "including full reversal of the

[1] All citations to page numbers refer to ECF pagination.
[2] Diamond's unopposed request for judicial notice (Dkt. No. 48-1) is granted.

disease." (Dkt. No. 46 ¶ 20 & n.16.) She also alleged that veterinary textbooks link grain-free diets with DCM, and that Diamond's own Director of Veterinary Affairs recommended that a Diamond employee who was concerned about DCM discontinue feeding Taste of the Wild to her dog. (Dkt. No. 46 ¶¶ 17, 98.) Taken together, these allegations support a plausible inference that consuming grain-free dog food increases the risk of DCM.

Diamond raises several challenges to the Vilekar's studies, but none are sufficient at this stage. Diamond argues that some of the studies cut against Vilekar's claims because they did not find any association between grain-free dog food and DCM, but that only shows a lack of settled consensus in the scientific community, not implausibility. *See Sneed v. Procter & Gamble Co.*, 779 F. Supp. 3d 1025, 1035–36 (N.D. Cal. 2025) (denying a motion to dismiss where the defendant "raise[d] several challenges to the methodology, limitations, and comparability of the scientific sources" because "[d]iscovery may expose that those studies contain vital flaws, but it is enough for now that the studies do not plainly refute the allegations in the complaint" (citation and internal quotation marks omitted)).

Diamond also argues that most of Vilekar's studies do not address Taste of the Wild specifically, and instead focus on grain-free dog foods generally. But Diamond does not dispute that Taste of the Wild is a grain-free dog food. It is at least plausible that Taste of the Wild has the same relationship to DCM as other grain-free dog foods. Additionally, Vilekar alleged that Taste of the Wild is the third-most commonly named dog food in DCM cases reported to the Food & Drug Administration, lending further support to the allegation that Taste of the Wild specifically causes DCM. (Dkt. No. 46 ¶ 74.)

In sum, Vilekar has plausibly alleged that Taste of the Wild increases the risk of DCM in dogs. Whether or not that allegation is actually true is a question of fact that cannot be resolved at the pleading stage.

***Rule 9(b).*** Diamond also argues that Vilekar's claims fail under the heightened pleading requirements for fraud claims. *See* Fed. R. Civ. P. 9(b).

For the most part, Vilekar has pleaded the claims with particularity, because she

identified specific statements Diamond made on the packaging of specific Taste of the Wild products that she purchased. (*See* Dkt. No. 46 ¶¶ 35, 103-11.) Those allegations are "specific enough to give defendant[] notice of the particular misconduct which is alleged to constitute the fraud charged." *Becerra v. Dr Pepper/Seven Up, Inc.,* 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). Diamond argues that it is not clear which of the statements appeared on which of its products, but the complaint does identify specific statements on specific products that Vilekar purchased. (*See* Dkt. No. 46 ¶ 35 n.17 (alleging Vilekar purchased, among other products, High Prairie Canine Recipe, Wetlands Canine Recipe, and Pacific Stream Puppy Recipe); Dkt. No. 46 ¶¶ 103-08 (including screenshots of statements on those products).) Diamond argues that Vilekar's allegations encompass products that she did not purchase, but Vilekar seeks to represent a class of purchasers of all Taste of the Wild products, and the alleged misrepresentations are substantially the same across all the products in Vilekar's complaint, even those she herself did not purchase.[3] (*See* Dkt. No. 46 ¶¶ 35, 103-11.) Differences between individual products can be addressed at a later stage. *See Ortiz v. Deckers Outdoor Corp.*, No. 3:25-cv-09631-RFL, 2026 WL 2573301, at *1 (N.D. Cal. Aug. 31, 2026) ("As to Rule 9(b), Albrigo has added sufficient allegations to support those elements of her fraud claim as to the Sanuk and Ugg websites. While the allegations about certain other websites are lacking, Plaintiffs have pled enough for their fraud claims to move forward at this stage. Fact issues regarding individual websites may be addressed as appropriate at a later stage." (citations omitted)).

Most of the statements Vilekar identified are actionable representations, rather than mere puffery. *See Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) ("A statement is considered puffery if the claim is extremely unlikely to induce consumer

[3] Vilekar alleges she purchased "High Prairie Canine Recipe, High Prairie Puppy Recipe, Pacific Stream Canine Recipe, Pacific Stream Puppy Recipe, Southwest Canyon Canine Recipe, and Wetlands Canine Recipe." Dkt. No. 46 ¶ 35 n.17. She includes statements from some of those products, as well as from products she did not purchase: Appalachian Valley Small Breed Canine Recipe, Prey Angus Beef Recipe for Dogs, Prey Trout Recipe for Dogs, and Sierra Mountain Canine Recipe. Dkt. No. 46 ¶¶ 105-07.

reliance. . . . [A] statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." (citation omitted)). That includes the statements that Taste of the Wild: "provide[s] complete nutrition and help[s] maintain the sleek condition of good health"; supports digestive and immune systems "vital to the overall health of your pet"; has vegetables and legumes, including peas "that help support your dog's overall well-being"; provides a "protein blend for balanced nutrition" that "ensure[s] that adequate amounts of the building blocks for a healthy body are available to meet your dog's needs"; and "provides complete protein nutrition." (*See* Dkt. No. 46 ¶ 35.) These statements specifically promise that Taste of the Wild is healthy for dogs. These statements would also be provable as false if Vilekar's allegations about Taste of the Wild causing DCM are true: for example, a dog food cannot "help maintain the sleek condition of good health" or "support your dog's overall well-being" if it also causes heart disease.

However, Diamond is correct that some of the challenged statements are not actionable because they are puffery, rather than statements likely to induce consumer reliance. Specifically, the statements that Taste of the Wild is a "modern diet, inspired by nature," and that it is "great for adult dogs," are puffery because they are general, subjective, and not quantifiable. (Dkt. No. 46 ¶ 35.) Vilekar also has not alleged with particularity that Diamond made fraudulent statements about the FDA's investigation into grain-free dog foods, because she has not alleged what Diamond said about the investigation, or when or where Diamond said it. (*See* Dkt. No. 46 ¶ 83.) The motion to dismiss is granted as to these statements only.

***Fraudulent Omission.*** Diamond also argues that Vilekar's fraudulent omission claim fails because (1) Vilekar has not alleged a duty to disclose any particular fact, and (2) Vilekar has not adequately alleged that Diamond knew about the risk of DCM.

First, Vilekar has adequately alleged a duty to disclose that Taste of the Wild increases the risk of DCM. Under California law, a duty to disclose arises when the defendant "makes partial representations but also suppresses some material facts." *Maketa v. Target Corp.*, No. 24-

cv-02576-RFL, 2024 WL 4311702, at *3 (N.D. Cal. Sept. 26, 2024). The alleged misrepresentations, such as that Taste of the Wild "provide[s] complete nutrition and help[s] maintain the sleek condition of good health" and "provide[s] [your dog] with all the nutrition they need to thrive," are also partial representations about the health and safety of Taste of the Wild. (*See* Dkt. No. 46 ¶¶ 35, 103-05.) Diamond does not dispute that an increased risk of DCM would be material to the healthiness of Taste of the Wild. Because Diamond made these partial representations to consumers while omitting facts about the alleged risk of DCM, Vilekar has plausibly alleged a duty to disclose.[4]

Second, Vilekar has alleged facts that lead to a plausible inference that Diamond knew Taste of the Wild increases the risk of DCM. Specifically, Vilekar alleged that Diamond's Director of Veterinary Affairs recommended that an employee who was concerned about DCM stop feeding her dog Taste of the Wild. (Dkt. No. 46 ¶ 98.) Vilekar also alleged that Diamond had received 110 consumer reports of DCM and cardiac-related deaths in dogs that consumed Diamond's products, including Taste of the Wild; that it knew the FDA issued an alert about grain-free diets and DCM; and that it knew some veterinarians recommend against grain-free diets. (Dkt. No. 46 ¶¶ 88-93.) Taken together, these facts lead to the plausible inference that Diamond had knowledge that Taste of the Wild increases the risk of DCM.

***Conclusion.*** The motion to dismiss (Dkt. No. 48) is **GRANTED IN PART**, as to the statements that are mere puffery and the alleged statements about the FDA investigation, and **DENIED IN PART** as to the remaining statements. Amendment would be futile as to the statements that are mere puffery, but does not appear futile as to the alleged statements about the FDA investigation, so dismissal is with **LEAVE TO AMEND**. If Vilekar wishes to amend, she may do so by **November 30, 2026**. The amended complaint may not add new claims, or otherwise change the allegations except to correct the identified deficiencies regarding the alleged statements about the FDA investigation, absent leave of the Court or stipulation by the

---

[4] Because the Court holds Vilekar adequately alleged a duty to disclose based on partial representations, it does not address Vilekar's other alleged bases for a duty to disclose.

parties pursuant to Federal Rule of Civil Procedure 15. Diamond's deadline to respond to the amended complaint (if one is filed) or to answer the existing complaint (if no amended complaint is filed) shall be **December 21, 2026**.

**IT IS SO ORDERED.**

Dated: November 9, 2026

RITA F. LIN
United States District Judge